LASURE v. GRANITEVILLE MANUFACTURING COMPANY.

1. After verdict in favor of plaintiff, alleged errors of the Circuit judge, in his charge to the jury, either of omission or commission, relating solely to the right of recovery and not affecting the measure of damages, are immaterial to plaintiff, and will not be considered on his appeal.

2. In action against a corporation for damages sustained by plaintiff while in their employment, the Circuit judge did not err in refusing to charge the jury "that even if the jury find there was a defect in the tramway known to the company, yet, if they find that the plaintiff also knew of said defect, or by the exercise of ordinary care and diligence could have known of it, and still voluntarily continued in the employment of the company, he cannot recover," for these are questions of fact to be determined by the jury under all the circumstances of each particular case.

3. The exercise of due care and diligence in ascertaining whether machinery or other appliances furnished an employe to work with, are kept in proper repair, is the duty of the master and not of the servant.

4. A master must provide his servants with safe and suitable machinery and appliances necessary for their work, and must also keep them in repair, and is liable to those servants for injuries resulting to them from his negligence in these matters, or for the negligence of mechanics or other subordinates employed by him to perform these, his duties.

5. *Gunter* v. *Graniteville Manufacturing Company, ante p.* 262, approved.

Before Aldrich, J., Aiken, April, 1880.

This was an action by Thomas J. Lasure against the Graniteville Manufacturing Company, commenced November 21st, 1877. The complaint demanded $10,000 damages for injuries sustained in a fall; and the proof was that plaintiff's arm was broken, wrist dislocated, hip injured and slightly dislocated, and his face cut from forehead to chin.

The charge of the judge to the jury was as follows:

You will bear in mind that this case is not to be determined by the rule which applies to common carriers. When a railroad or steamboat company, or a stage coach, or any other conveyance for public travel, undertakes to carry passengers for hire, their contract is they will carry them safely, and they are liable in damages for any injury that may be received, except the same may be from the act of God or the public enemy. Hence, if a corporation undertakes to carry you or your goods from one place to another, for hire, it is liable for any injury to the person or loss of goods, whether it be from unavoidable accident or carelessness. But such is not the rule, as applied to employes in a factory or a railroad, or in any other industrial occupation. In such case, when a man engages to work for wages, he takes a

certain amount of risks himself, and if an injury is received in the business in which he engages, the employer, be it railroad, factory or steamboat company, is not liable in damages unless it be made to appear clearly to you that the injury so received is the result of carelessness or negligence on the part of the employer.

There can be no doubt that this plaintiff has been injured, and seriously injured. His face was cut open, his arm broken, and his hip injured. He has suffered great bodily pain and anxiety; been confined to his bed for weeks, prevented from the labor by which he made a sustenance, and a burden to his family and friends. Nay, more, he is still suffering from the injuries received at the time of the accident. If all this be the consequence of negligence or wanton carelessness on the part of the defendant, the Graniteville Company, they are liable in damages, and should be made to pay the penalty for their neglect. On the other hand, however, if this be one of the risks which every operative takes when he engages in the business of a factory, however great may be his injury, however painful his suffering, however permanent his hurt, the company is not liable, because it is one of the accidents which may or may not occur, and of which he takes the risk for hire.

So that the first question presented to you is : Was the defendant guilty of carelessness or negligence which occasioned the injury, the pain, the anxiety and the loss of time of which the plaintiff complains ? The law makes you the sole judges of that question. I cannot assist you. In considering it, you will ask : Was this structure safe, or was it carelessly constructed ? Was it kept in good repairs by ordinary diligence ? Did the defendant show that solicitude and concern for the safety of the persons in their employment which men of ordinary prudence exhibit in the conduct of their affairs ? Was it one of those accidents that might have happened under the exercise of ordinary prudence, or was it the result of carelessness and neglect ? If the former, the company is not liable, because that was one of the risks the plaintiff took when he contracted to receive wages for his labors. If the latter, the company is liable, because the undertaking of the plaintiff was to work for wages, protected

by the ordinary diligence which prudent men exercise in the conduct of their affairs. These are questions for you, and as you resolve them, so will be your verdict.

Another question for your serious consideration is: Did the plaintiff contribute to this accident by his own negligence, or by his violation of the rules of the company? And in this connection you will consider what was the rule of the company whose servant he. was. Was it a rule when a bale fell off the truck the employe was to send for the officer who had the road in charge? Did he throw that bale of cotton with a sudden jerk, or did he lower it easily on his truck? Would the road have broken if the plaintiff had not thrown down the bale? Now, if he violated the rules of the company or recklessly threw his bale from the edge to the side on the truck or the platform, so as to occasion a sudden jar, which broke the support of the shoulder resting on the sill of the factory, did he not contribute to the accident? If so, the company is not liable, because he was deficient in that prudence which men ordinarily display in the exercise of their business.

These are questions for your solution. As you solve them, so will be your verdict. While these great enterprises are to be held to the strictest responsibility, and made to pay for any damage resulting from their carelessness or negligence, yet they are not to be bled and stripped of their earnings because they are rich. By united capital they do that which individual capital cannot accomplish. They increase the general wealth of the State, which permeates society and adds to the industrial labor of the county. They employ, at liberal wages, hundreds of our people, men, women and children; furnish them with comfortable houses, good schools for the education of the rising generation, and help support the government by taxation. Hence you are to decide the case on the law and the evidence, not considering the poverty of the plaintiff or the wealth of the defendant. But while these corporations are dispensing these blessings, adding to the wealth of the State and increasing the comfort and happiness of the people, they must protect those whom they employ, and whenever one of their . employes is

injured because of their carelessness or negligence, they are liable.

You are not to find a verdict because the plaintiff is a poor man and the defendant a rich corporation, but according to truth and justice. Remember this court is no respecter of persons— each case must be tried by the law and evidence applicable thereto. In all such cases there is a great deal of vociferation and earnest declamation about rich corporations and poor men, hard working laborers. You have nothing to do with this. Render your verdict as between man and man. A corporation is simply the aggregation of individuals. In that union you will find capitalists, men of moderate means and widows and orphans. These aggregated make the corporation, and all of these—the capitalist, the man of moderate means and the widow and orphan—are as much entitled to your consideration and sympathy as the plaintiff. So, gentlemen, you will dismiss from your minds, "bloated corporations, wealth, large dividends, poor laborers," and decide this case as between man and man, by the law and the evidence.

*Messrs. W. T. Gary, G. W. Croft,* for plaintiff.

*Messrs. Henderson Bros.,* contra.

November 27th, 1882. The opinion of the court was delivered by

MR. JUSTICE McIVER. This action was brought by the plaintiff, who was a laborer in the employment of the defendant, a company carrying on a cotton factory, to recover damages for injuries sustained by reason of the alleged negligence of the company. It appears that the plaintiff was engaged in removing cotton bales from the warehouse to the mill of the company, by rolling them on a truck over an elevated tramway between the two buildings, and, while so doing, the tramway gave way by reason of the splitting or breaking of some of the timbers, which supported the track, and the plaintiff fell and sustained the injuries for which the action was brought. Both parties presented to the Circuit judge sundry requests to charge, which

were neither specifically refused or granted, and the case was submitted to the jury under a charge to which no exception was taken by either party.   The jury found a verdict in favor of the plaintiff for $500, and judgment being entered thereon, both parties have appealed, alleging, as error, the refusal or neglect of the Circuit judge to charge the several propositions as requested by them respectively.

It will not be necessary to consider the merits of the several propositions contained in the numerous requests submitted by the plaintiff, for every one of them relate solely to the plaintiff's right to recover, and none of them relate to the question of the amount which he was entitled to recover, or could in any way affect the question of the measure of his damages.   Now, as the plaintiff has recovered, his only possible ground of complaint is as to the amount of his recovery, and we cannot conceive how he could be prejudiced by the refusal or omission to charge any proposition of law, however correct it might be, affecting only his right to recover, and not affecting the question of the measure of his damages.   In cases of this kind there are always two questions, first, whether the plaintiff has made a case entitling him to recover any damages, and if so, second, what is the proper measure of his damages.   The two questions are entirely distinct and different, and depend upon different principles.   The plaintiff having established his right to recover, as is conclusively demonstrated by the verdict in his favor, any error on the part of the Circuit judge, either of commission or omission, in submitting the first question to the jury, becomes wholly immaterial, and need not, therefore, be considered.   The appeal on the part of the plaintiff cannot, therefore, be sustained.

The defendant also appeals upon five grounds.   The first and fifth were very properly abandoned, as it is manifest that they could not be sustained.

The second ground of appeal alleges that the Circuit judge erred in not charging the fourth request submitted by the defendant, which is in these words: " That even if the jury find there was a defect in the tramway known to the company, yet if they find that the plaintiff also knew of said defect, or by the exercise of ordinary care and diligence could have known of it, and

still, voluntarily, continued in the employment of the company, he cannot recover, and the verdict must be for the defendant." We think it very clear that the proposition, or rather propositions (for there are two of them), contained in this request, are not well founded. It does not follow necessarily that a servant is guilty of contributory negligence because he remains in the service of his master after he has knowledge of defect in the machinery or appliances with which he is furnished to perform his work, but it is a question of fact for the jury to determine under all the circumstances of each particular case. *Wood on Master and Servant*, § 357, citing *Snow* v. *Housatonic Railroad Company*, 8 *Allen* 441.

It was, therefore, no error to refuse to charge, as matter of law, that if the plaintiff knew of the defect in the tramway, and still continued in the employment of the company, he could not recover. The other proposition involved in the request—that if the plaintiff could, by the exercise of ordinary care and diligence, have known of the defect, and still, voluntarily, continued in the service of defendant, he could not recover—cannot be sustained, not only for the reason above stated, which applies with equal force to both propositions, but also because it presupposes a duty upon the part of the servant to exercise due care and diligence, to ascertain whether the machinery or appliances furnished him to work with are kept in proper repair, whereas this is the duty of the master and not of the servant.

The third and fourth grounds of appeal, involving practically the same principles of law, will be considered together. They are based upon a refusal or neglect to charge the propositions contained in the fifth and sixth requests submitted by the defendant, which are in these words: 5. "That if the jury find that the company constructed the tramway with due skill and caution, and employed competent and reliable persons to superintend their work, then they have performed all their duty as employers to their employe, the plaintiff, and he cannot recover." 6. "That even if the jury find there was a defect in the tramway, caused by the negligence of those employes who had charge of it, yet the plaintiff cannot recover, because the negligence which

caused the misfortune is not that of the company, but of fellow-employes, working under the same common head."

The principles involved in these requests have been considered and passed upon in the decision just filed in the case of *Gunter* v. *The Graniteville Manufacturing Company, ante p.* 262, and, therefore, we need not repeat here what was said in that case upon these points. It was there determined that it is not only the duty of the master to provide, in the first instance, safe and suitable machinery and other appliances necessary to enable his operatives to do the work for which they are employed, but that it is equally his duty to see that such machinery and appliances are kept in proper repair, and that for any negligence in the performance of either of these duties, from which an injury results to one of the operatives, the master is liable, even though these duties may have been entrusted by the master to a subordinate officer or agent, by whatever name he may be called, and without regard to the rank of such subordinate. Hence, if an injury is sustained by a servant by reason of the negligence of a mechanic, employed to keep the machinery or other appliances in proper repair, the master is liable, notwithstanding the fact that the master may have exercised due care in the selection of the agent to whom such duty is entrusted, because such duty is a duty of the master, and whether performed in person or by an agent, any negligence in the performance of it is the negligence of the master. It follows, therefore, that there was no error in refusing to charge the propositions contained in either of these requests.

The judgment of this court is that the judgment of the Circuit Court be affirmed.